IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-05-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| DUSTIN MARK FLYING, | |
| Defendant. | |

## I. Synopsis

Mr. Flying was accused of violating his conditions of supervised release by committing a new crime, associating with a person engaged in criminal activity, and consuming alcohol. He admitted to two of the violations, and the third violation was dismissed upon the government's motion. Mr. Flying's supervised release should be revoked. He should be sentenced to four months of custody, with 28 months of supervised release to follow. A condition requiring him to reside in a residential reentry center for 180 days should be imposed.

## II. Status

In April 2010, Mr. Flying pleaded guilty to Domestic Assault by a Habitual Offender. (Doc. 35.) United States District Court Judge Sam E. Haddon sentenced

1

Mr. Flying to 63 months of custody and 36 months of supervised release. (Doc. 40.) Mr. Flying's first term of supervised release began on June 19, 2015. (Doc. 58.)

On October 19, 2015, Mr. Flying's supervised release was revoked because he violated his conditions by using alcohol and failing to report for urinalysis. He was sentenced to four months of custody and 30 months of supervised release. (Doc. 54.) Mr. Flying's second term of supervised release began on February 2, 2016. (Doc. 58.)

**Petition**

On March 10, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Flying's supervised release. The Probation Office accused Mr. Flying of violating the Preamble to the Standard Conditions of supervised release by committing new crimes. The Probation Office accused Mr. Flying of violating Standard Condition 9 of his supervised release by associating with a person engaged in criminal activity. The petition alleged Mr. Flying violated Special Condition 2 of his supervised release by consuming alcohol. (Doc. 58.) Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Flying's arrest. (Doc. 59.)

**Initial appearance**

Mr. Flying appeared before the undersigned on April 5, 2016, in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Joseph Cik represented the United States.

Mr. Flying said he had read the petition and understood the allegations. Mr. Flying waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On May 3, 2016, Mr. Flying appeared with Mr. Dake before the undersigned for a revocation hearing. Assistant United States Attorney Bryan Dake appeared on behalf of the United States. Mr. Flying admitted that he violated the Preamble to the Standard Conditions and Special Condition 2 of his supervised release. He denied that he violated Standard Condition 9 (violation 2). The government moved for the dismissal of violation 2, and it was dismissed. The violations are serious and warrant revocation of Mr. Flying's supervised release.

Mr. Flying's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months and ordered to remain on supervised release for 32 months, less any

custody time imposed. The United States Sentencing Guidelines call for six to 12 months in custody.

Mr. Arvanetes recommended a downward departure from the guideline range. Mr. Arvanetes argued a sentence of four months of custody followed by six months in a pre-release facility would be appropriate. Mr. Flying has a bed date of August 1, 2016, at the Great Falls Pre-Release Center. Mr. Arvanetes noted that though this is a downward departure, Mr. Flying would be under strict supervision for ten months. Mr. Dake said the United States is concerned by Mr. Flying's lack of responsibility and lack of commitment to follow the law. Mr. Dake warned Mr. Flying that the government will not recommend a commitment to a residential reentry center the next time Mr. Flying comes before the Court. Mr. Flying addressed the Court and said that he can be on supervised release and that this is a blessing in disguise because something worse could have happened if he had remained on the path he was on.

### III. Analysis

Mr. Flying's supervised release should be revoked because he admitted violating its conditions. Mr. Flying should be sentenced to four months of custody, with 28 months supervised release to follow. The conditions of supervised release previously imposed, which were read in open court, should be continued, and a

condition requiring Mr. Flying to reside in a residential reentry center for six months should be added. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary. A downward departure from the guideline range is warranted by the circumstances.

## IV.  Conclusion

Mr. Flying was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Flying's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Flying's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> 1. Mr. Flying violated the Preamble of the Standard Conditions when he committed the offenses of Resisting Arrest and Partner/Family Member Assault on February 17, 2016.
>
> 2. Mr. Flying violated Special Condition 2 of his supervised release by consuming alcohol on March 9, 2016.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Flying's supervised release and committing Mr. Flying to the custody of the United States Bureau of Prisons for four months. He should be sentenced to 28

5

months of supervised release. The same conditions of supervised release, as read in open court, should be continued, and a condition requiring Mr. Flying to reside in a residential reentry center for 180 days should be added.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 4th day of May, 2016.

_John Johnston_
United States Magistrate Judge