IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-05-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| DUSTIN MARK FLYING, | |
| Defendant. | |

## I. Synopsis

Dustin Mark Flying was accused of violating his conditions of supervised release by committing a new crime, associating with a person convicted of a felony, failing to report for urinalysis testing, and failing to report for mental health treatment. He admitted to the violations. Mr. Flying's supervised release should be revoked. He should be sentenced to fourteen months of custody, with no supervised release to follow.

## II. Status

In April 2010, Mr. Flying pleaded guilty to Domestic Assault by a Habitual Offender. (Doc. 35). United States District Court Judge Sam E. Haddon sentenced Mr. Flying to sixty-three months of custody and thirty-six months of supervised

1

release. (Doc. 40). Mr. Flying's first term of supervised release began on June 19, 2015. (Doc. 58).

On October 19, 2015, Mr. Flying's supervised release was revoked because he violated his conditions by using alcohol and failing to report for urinalysis. He was sentenced to four months of custody and thirty months of supervised release. (Doc. 54). Mr. Flying's second term of supervised release began on February 2, 2016. (Doc. 58).

On May 26, 2016, Mr. Flying's supervised release was revoked because he was found associating with a person engaged in criminal activity and also for consuming alcohol, and was sentenced to four months of custody with twenty-eight months of supervised release. (Doc. 69). His current term of supervised release began on August 2, 2016.

**Petition**

On February 15, 2017, the United States Probation Office filed a petition asking the Court to revoke Mr. Flying's supervised release. The Probation Office accused Mr. Flying of committing another crime on February 4, 2017, stating Mr. Flying assaulted a male in Great Falls, Montana, and stole his vehicle, abandoned it in Stanford, Montana, and while in Stanford, obtained unauthorized control over a propane truck. The Petition also alleged that Mr. Flying failed to report for random

urinalysis testing on January 29, 2017, and failed to report for mental health treatment on January 27, 2017. Finally, the petition alleged Mr. Flying associated with a convicted felon during the incident on February 4, 2017. (Doc. 73). Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Flying's arrest. (Doc. 74).

**Initial appearance**

Mr. Flying appeared before the undersigned on October 23, 2017, in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Flying said he had read the petition and understood the allegations. Mr. Flying waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On October 23, 2017, Mr. Flying appeared with Mr. Arvanetes before the undersigned for a revocation hearing. Assistant United States Attorney Jared Cobell appeared on behalf of the United States. Mr. Flying admitted to the violations as set forth in the petition, except for the conduct relating to events in Judith Basin County in the first alleged violation. The violations are serious and

warrant revocation of Mr. Flying's supervised release.

Mr. Flying's violation grade is Grade B, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months and ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for twelve to eighteen months in custody.

Mr. Arvanetes recommended sentence within the guideline range. Mr. Arvanetes noted that Mr. Flying had been in state custody since February 4, 2017. He argued Mr. Flying had been unable to complete treatment or programs in state prison due to the federal hold, and argued that the Court give Mr. Flying credit for time served. Mr. Flying addressed the Court and asked for the sentences to run consecutive with the state sentence so that he could complete programs and treatment. Mr. Cobell argued for eighteen months with no supervised release to follow, and asked that sentence the run consecutively to the state sentence Mr. Flying was already serving.

### III. Analysis

Mr. Flying's supervised release should be revoked because he admitted violating its conditions. Mr. Flying should be sentenced to fourteen months of custody, to run consecutively with Mr. Flying's term of state custody as set by the

Tenth Judicial District Court, Judith Basin County, DC-2017-02, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Flying was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Flying's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Flying's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Mr. Flying violated the conditions of his supervised release by committing a new crime, failing to report for urinalysis testing, failing to report for mental health treatment, and associating with a person convicted of a felony.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Flying's supervised release and committing Mr. Flying to the custody of the United States Bureau of Prisons for fourteen months, to run consecutively with his current term of state imprisonment, Tenth Judicial District Court, Judith Basin County, DC-2017-02, with no term of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of November, 2017.

_____
John Johnston
United States Magistrate Judge